Falotio *v.* Broadway and Seventh Avenue Railroad Co.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment reversed, and judgment ordered for defendants, with costs.

---

GRAZIA FALOTIO, Respondent, *against* THE BROADWAY AND SEVENTH AVENUE RAILROAD COMPANY, appellant.

(Decided April 5th, 1880.)

In an action against a street railway company for injuries to a child by being run over by one of the defendant's cars, the defendant upon the trial requested the judge to charge the jury that "The child not being a passenger, the defendant owed her no duty except the exercise of ordinary care in the management of its vehicle, and in that respect no more care is required from street railway companies in the management of their cars and horses in the street than is required of the driver or owner of any other vehicle." This was refused, and instead a charge was given which seemed to imply that the car-driver was bound to exercise the greatest care in the management of his vehicle. *Held,* that the refusal and the instruction given must necessarily have conveyed the impression to the jury that the court intended that they should understand that the driver was to exercise more care than is required of the drivers of other vehicles in the street ; and they having found for the plaintiff, the judgment entered on the verdict must be reversed.

APPEAL from a judgment of the· general term of the marine court of the city of New York, affirming a judgment of that court entered on the verdict of a jury, and an order denying a motion for a new trial.

On the 15th day of September, 1878, the plaintiff, a child of two years of age, was injured by being run over by a car of the defendant. Upon the trial it was claimed upon the part of the plaintiff, that it was in conseqence of the negligent action of the driver of the defendant in the driving of the car the action occurred, and it was claimed upon the part of the defendant that the accident was caused by the negligence of the parents, the child not being properly attended.

The learned judge, before whom this case was tried, having charged the jury that in order to find for the plaintiffs, it must appear to their satisfaction that the defendant had been guilty of negligence, and nowherè having defined what degree of care it was.necessary that the driver should exercise in the management of his car, was requested to charge as follows :

" The child not being a passenger, the defendant owed her no duty except the exercise of ordinary care in the management of its vehicle ; and in that respect no more care is required from street railway companies in the management of their cars and horses in the street, than is required of the driver or owner of any other vehicle ;" which was refused, and he charged upon this part as follows : " In regard to that request, gentlemen, I charge you that it was the duty of the driver while on the street to keep entire control of his team as far as practicable ; to be in a position to speedily apply the brake, and to be vigilant in observing the track so as to enable him, as far as practicable, to avoid inflicting injury upon others."

The defendant's counsel excepted to the refusal and to the charge. There are a large number of other exceptions in the case, which it is not necessary to notice.

The jury found for the plaintiff, and a motion by the defendant for a new trial upon the judge's minutes was denied ; and judgment for plaintiff was entered on the verdict. From the judgment and the order denying the motion for a new trial, the defendant appealed to the general term of the marine court, which affirmed both ; and from this decision the defendant appealed to this court.

*John M. Scribner, Jr.*, for appellant.

*Charles S. Spencer*, for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—The learned judge before whom this case was tried, had, in no part of his charge, except in the language above quoted, in any respect defined the degree of care which the driver was bound

to exercise in the management of his car while going through the street.

The charge, as given, seems to imply that the car-driver was bound to exercise the greatest care in the management of his vehicle. It is stated that he must be vigilant in observing the track; and be in a position to speedily apply his brake. Such language, following a refusal to charge in the language of the request made, must necessarily have conveyed the impression to the jury, that the court intended that they should understand that the driver was to exercise more care than is required of the driver of other vehicles, in the street.

This was giving the jury an entirely erroneous standard, by which to determine the question of the negligence of the dedefendant (*Unger* v. *Forty-second street, &c. R. R. Co.*, 51 N. Y. 498).

The defendant had the right to have the request substantially charged, in order that a proper standard of care might be before the jury, and a denial to charge such request, the question of negligence being involved, was error.

The judgment must be reversed and a new trial ordered, costs to abide event.

J. F. Daly and Van Hoesen, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide event.